### J. J. Gorman v. The State.

No. 9385.   Delivered December 9, 1925.

**False Swearing—Evidence Held Sufficient.**

Where on a trial for false swearing, predicated upon an affidavit made by appellant that he was the owner of certain land situated in Crane county. No denial of the making of said affidavit being presented, and it being clearly established that he did not own the land described in such affidavit, this evidence is held sufficient to support the judgment, and the cause is affirmed.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction for false swearing, penalty five years in the penitentiary.

The opinion states the case.

*McVey & Ginn,* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for false swearing with punishment assessed at five years in the penitentiary.

For the purpose of inducing T. B. Hinckle to indorse his note for $300 appellant executed a deed of trust for the benefit of Hinckle upon Section 17, Block 34, Texas & Pacific Railroad Survey of land supposed to be situated in Crane County, Texas. In connection with said deed of trust he made an affidavit stating that he was the lawful owner of the land described and had full power to sell or mortgage it and give a clear title thereto. It is upon this affidavit the charge for false swearing is predicated.

The evidence shows that appellant did not at the time of the execution of the deed of trust own the land described, but in fact shows that no such land was situated in Crane County.

Appellant predicated his defense upon the proposition that he acted in good faith and was mistaken as to the description of the land at the time the affidavit was made. This issue was submitted to the jury and determined in favor of the State.

Appellant contends here that the evidence is not sufficient to support the judgment. We are not in accord with appellant's contention.

The judgment is affirmed.

*Affirmed.*